IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARRYL R. CHAMBERS,<br><br>                Plaintiff,<br><br>vs.<br><br>DELA CRUZ, Case Manager, Tecumseh State Prison, All employed at Lincoln Correctional Center; SCOTT FRAKES, Director, All employed at Lincoln Correctional Center; COLEMAN, Case Manager, Nebraska State Penitentiary, All employed at Lincoln Correctional Center; AMANDA CHADWICK, Unit Manager; ZAMORA, Case Manager; CROWDER, Case Manager, All employed at Lincoln Correctional Center; CATHY SHEIR, Warden, All employed at Lincoln Correctional Center; SHERWOOD, Case Manager, All employed at Lincoln Correctional Center; HANSEN, Warden; ATHENA THOMAS, Unit Administrator, All employed at Tecumseh Correctional Center; HARDY, Corporal, All employed at Tecumseh Correctional Center; PAM HILLMAN, All Employed at Tecumseh Correctional Center; BRAD HANSEN, Warden, All employed at Tecumseh Correctional Center; HARBANS S. DEOL, D.O.; JOHN DOE NOS. 1-5, and CRAIG GABLE, Warden;<br><br>                Defendants. | 4:19-CV-3047<br><br>**ORDER ON MOTION TO EXTEND FILING DEADLINE** |

      This matter is before the Court on Darryl R. Chambers's *pro se* Motion to Extend Filing Deadline. Filing 170. In the Motion, Chambers explains that his counsel has recently withdrawn, that he is incarcerated, and that he intends to file an appeal. Filing 170 at 1. Chambers requests an extension "of no less than 180 days" to allow him to prepare for an appeal or seek the services of another attorney. Filing 170 at 1–2. The Court grants the Motion in part.

1

Both Rule 4(a)(5) and 28 U.S.C. § 2107(c) permit a district court to extend the deadline in which to file a notice of appeal for "excusable neglect or good cause." Fed. R. App. P. 4(a)(5); 28 U.S.C. § 2107(c); *see also United States v. Sadler*, 480 F.3d 932, 937 n.5 (9th Cir. 2007) (noting that both Rule 4(a)(5) and § 2107(c) "are, for the most part, substantively the same"). When analyzing whether there is excusable neglect or good cause to extend the deadline for filing an appeal, the Court "tak[es] account of all relevant circumstances surrounding the party's omission." *Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003). Courts use four factors to determine whether excusable neglect or good cause for an extension exists: "(1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Treasurer, Trs. of Drury Indus., Inc. Health Care Plan & Tr. v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012). The reason given for the delay is "critical to the inquiry." *Gibbons*, 317 F.3d at 854 (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)). "[T]he good cause standard 'applies in situations where there is not fault-excusable or otherwise[;]' i.e., 'the need for an extension is . . . occasioned by something that is not within the control of the movant.'" *Id.* at 853 n.3 (alterations in original) (quoting Fed. R. App. P. 4 advisory committee's note to 2002 amendments).

Because the Court intends to grant a short extension, Chambers filed the Motion before the deadline to file an appeal had passed,[1] and Defendants have not voiced any opposition to Chambers's Motion, the Court concludes that the danger of prejudice is minimal. Further, the Court cannot think of a reason why a short extension would negatively impact judicial proceedings. The Court is also convinced that Chambers seeks this extension in good faith.

---

[1] The Court filed its Judgment on December 15, 2022. Filing 164. Chambers filed his Motion on January 13, 2023, one day before the deadline to file a notice of appeal. Filing 170.

Turning to the "reason for delay"—the most important factor—the Court concludes that it does not weigh against a short extension. The Court acknowledges that Chambers was represented by appointed counsel for the majority of this case, who was permitted to withdraw as counsel on December 20, 2022, Filing 166, shortly after the Court filed its judgment. The Court also finds it relevant that Chambers is an incarcerated person presently proceeding *pro se*. None of these circumstances were within Chambers's control. *See Gibbons*, 317 F.3d at 853 n.3. Therefore, the Court concludes that Chambers has shown good cause for an extension of time. *See Wright v. Missouri Dep't of Mental Health*, No. 4:18 CV 1981 RWS, 2021 WL 5505380, at *1 (E.D. Mo. Nov. 24, 2021) (finding good cause because, *inter alia*, the movant was a *pro se* civil detainee who had his materials pertaining to the court's judgment confiscated).

Turning to the length of the extension, the Court notes that while 28 U.S.C. § 2107(c) does not limit the length of an extension, Federal Rule of Appellate 4(a)(5) says that no extension can exceed 30 days after the time an appeal must be taken. *Compare* 28 U.S.C. § 2107(c) ("The district court may . . . extend the time for appeal upon a showing of excusable neglect or good cause."), *with* Fed. R. App. P. 4(a)(5) ("No extension . . . may exceed 30 days after the prescribed time . . . ."). Rule 4(a)(5) is a non-jurisdictional mandatory claims-processing rule that "must be enforced when invoked." *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017). Even though Defendants have not voiced any opposition to Chambers's request for at least a 180-day extension, the Court believes that it is prudent to nonetheless constrain itself to Rule 4(a)(5)'s 30-day limitation. Therefore, the Court will extend the appeal deadline by thirty days, *i.e.*, to February 13, 2023. Accordingly,

IT IS ORDERED that Chambers's Motion to Extend Filing Deadline, Filing 170, is granted in part. The deadline for filing an appeal is extended by thirty days, *i.e.*, to February 13, 2023.

Dated this 23rd day of January, 2023.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge

4