IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARRYL R. CHAMBERS,<br><br>          Plaintiff,<br><br>  vs.<br><br>DELA CRUZ, Case Manager, Tecumseh State Prison, All employed at Lincoln Correctional Center; SCOTT FRAKES, Director, All employed at Lincoln Correctional Center; COLEMAN, Case Manager, Nebraska State Penitentiary, All employed at Lincoln Correctional Center; AMANDA CHADWICK, Unit Manager; ZAMORA, Case Manager; CROWDER, Case Manager, All employed at Lincoln Correctional Center; CATHY SHEIR, Warden, All employed at Lincoln Correctional Center; SHERWOOD, Case Manager, All employed at Lincoln Correctional Center; HANSEN, Warden; ATHENA THOMAS, Unit Administrator, All employed at Tecumseh Correctional Center; HARDY, Corporal, All employed at Tecumseh Correctional Center; PAM HILLMAN, All Employed at Tecumseh Correctional Center; BRAD HANSEN, Warden, All employed at Tecumseh Correctional Center; HARBANS S. DEOL, D.O.; JOHN DOE NOS. 1-5, and CRAIG GABLE, Warden;<br><br>          Defendants. | 4:19-CV-3047<br><br>**ORDER** |

This matter is before the Court on Darryl R. Chambers's Poverty Affidavit, Filing 173, and Motion for Appointment of counsel, Filing 174. Chambers filed these documents *pro se*. The Court construe's Chambers's Poverty Affidavit as a request to proceed *in forma pauperis* on appeal. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that *pro se* filings should be construed liberally). Before filing these documents, Chambers filed a Notice of Appeal. Filing 172.

1

Federal Rule of Appellate Procedure 24(a) leaves it to the district court to determine if a litigant may appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1). If the party wishing to proceed *in forma pauperis* was already permitted to do so in the district-court action, that party requires no further authorization to appeal *in forma pauperis* unless the appeal is not taken in good faith, the party is not otherwise entitled to proceed *in forma pauperis*, or a statute provides otherwise. *See* Fed. R. App. P. 24(a)(3)(A)–(B). Chambers was already allowed to proceed *in forma pauperis* in front of this Court, Filing 9, and the exceptions under Rule 24(a)(3) do not apply. Therefore, the Court grants Chambers's request to appeal *in forma pauperis*.

Chambers's Motion for Appointment of Counsel is denied. Because Chambers has already filed a Notice of Appeal, this Court is without authority to appoint him counsel for his appeal. *See Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal."). Chambers must make this request to the Eighth Circuit Court of Appeals in his appellate proceeding. *See Christensen v. Dunn*, No. CIV. 19-5046-JLV, 2020 WL 13587911, at *1 (D.S.D. Jan. 2, 2020). Accordingly,

IT IS ORDERED that Chambers's request to proceed *in forma pauperis* during his appeal, Filing 173, is granted and Chambers's Motion for Appointment of Counsel, Filing 174, is denied without prejudice to reassertion before the Eighth Circuit Court of Appeals.

Dated this 1st day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge